UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

JERRY RICHARDS and RHONDA RICHARDS,
individually, and AMBER RICHARDS,
a minor, by her parents, guardians,
and next friends, JERRY RICHARDS
and RHONDA RICHARDS,

    Plaintiffs

v.                              Civil Action No. 2:05-0770

LOWE'S HOME CENTERS, INC.,
a North Carolina corporation,
d/b/a Lowe's of Logan, WV,

    Defendant/Third-Party Plaintiff

v.

BARBARA OOTEN,

    Third-Party Defendant.

MEMORANDUM OPINION AND ORDER

Pending is the joint motion to remand this action to the Circuit Court of Logan County, filed by plaintiffs and defendant on October 19, 2005.

Plaintiffs are West Virginia citizens. Defendant Lowe's Home Centers, Inc. ("Lowe's"), is a North Carolina citizen. This action arises out of an injury plaintiff Amber Richards sustained while visiting a Lowe's retail store. On August 20, 2003, Amber visited the store accompanied by her

grandmother, third-party defendant Barbara Ooten. During the visit, Amber was injured when a component from a display bookshelf fell and struck her on the head. She alleges the injury occurred as a result of Lowe's negligence.

On September 16, 2005, Lowe's removed on diversity of citizenship grounds. On October 19, 2005, the plaintiffs and Lowe's entered into a stipulation providing pertinently as follows:

> Plaintiffs . . . hereby stipulate that the amount in controversy . . . is less than seventy-five thousand dollars and no cents ($75,000.00). In exchange for a properly executed Joint Motion and Agreed Order prepared and signed by counsel for . . . Lowe's remanding this matter . . . to the Circuit Court of Logan County, West Virginia, Plaintiffs stipulate and agree not to seek, demand, or accept recovery in excess of seventy-five thousand dollars and no cents ($75,000.00) in this action or in state court on remand. Furthermore, Plaintiffs stipulate and agree not to seek costs and fees associated with the removal and/or remand of this action.

(Jt. Stip. at 1.)

Generally, a defendant may remove an action from state to federal court if it is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C.A. § 1441(a). Federal district courts have original jurisdiction of actions between citizens of different states in which the "matter in controversy" exceeds the value of $75,000, exclusive of interest and costs. 28 U.S.C.A. § 1332(a).

2

The burden of establishing federal jurisdiction rests with the party seeking to litigate in federal court. <u>McNutt v. General Motors Acceptance Corp. of Indiana</u>, 298 U.S. 178, 189 (1936). When a case has been removed, the defendant bears the burden of showing federal jurisdiction has been invoked properly. <u>Mulcahey v. Columbia Organic Chems. Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal."). This court, in accordance with a majority of the active judges in the district, has previously applied the preponderance of the evidence standard to determine whether a removed action satisfies the jurisdictional minimum. <u>Landmark Corp. v. Apogee Coal Co.</u>, 945 F. Supp. 932, 936 (S.D. W. Va. 1996).

The court treats the stipulation and joint motion as a concession by Lowe's that it is unable to discharge its burden of proving the requisite amount in controversy. Inasmuch as the jurisdictional minimum is lacking, the court ORDERS that the joint motion to remand be, and it hereby is, granted. The court further ORDERS this action be, and it hereby is, remanded to the Circuit Court of Logan County for all further proceedings.

The Clerk is directed to forward a copy of this written opinion and order to counsel of record and a certified copy to the clerk of court for the Circuit Court of Logan County.

DATED: October 24, 2005

John T. Copenhaver, Jr.
United States District Judge